IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES FIDELITY AND
GUARANTY COMPANY,

    Plaintiff,

v.

NEW PARTNERSHIP & CO., S.E., et al.,

    Defendants.

CIVIL NO. 06-2201 (RLA)

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Before the Court are Plaintiff United States Fidelity and Guaranty Company's (USF&G) Motion for Summary Judgment (docket No. 38), and an Opposition and Cross-Motion for Summary Judgment filed by defendants New Partnership and Co., S. E. (New Partnership); Roberto M. Cacho-Pérez, Ileana Cambó-Saavedra, and the Conjugal Partnership formed by them; and Casa de Playa Beach Villages, S.E.[1] (docket No. 50).[2] As more fully explained below, the Court hereby GRANTS Plaintiff's motion. Defendants' cross-motion is DENIED.

---

[1] Martineau Bay Resorts S. en C. (SE), also a defendant, filed for protection under Chapter 11 of the Bankruptcy Code on February 10, 2003, Case No. 03-01165, which was dismissed on July 12, 2004. It was not served with process in this action. Martineau Bay Resorts and Spa, The Vieques Hotel Corporation, and Vieques Hotel Partners, entities who are not named in the complaint, filed a Motion to Quash service of process on December 27, 2006 (docket No. 4).

[2] See also, Plaintiff's Motion Supplementing Motion for Summary Judgment, docket No. 55; Plaintiff's Opposition to Defendants' Cross-Motion, docket No. 56; Defendants' Motion to Strike, docket No. 57; and Plaintiff's Opposition to Motion to Strike, docket No. 58.

I. BACKGROUND

On December 1, 2006 USF&G filed this action seeking indemnification in an amount of no less than $121,953.21 for all losses and expenses incurred by reason of having executed bonds on behalf of defendant New Partnership (docket No. 1).

On March 28, 2007, defendants filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) and (6) (docket No. 15), claiming that the indemnity action did not meet the amount in controversy requirement of 28 U.S.C. § 1332(a), or was otherwise barred. The Court denied the motion on March 28, 2008 (docket No. 27).

Plaintiff moved for summary judgment in its favor (docket No. 38), claiming that it had received claims in connection with the above described bonds, including pending, resolved litigation, and disputed matters under the following actions:

<u>Ezequiel Vazquez et al. v. Isla Nena Paving Corp et al.</u>, Case No. NSCI200200213;

<u>Professional Equipment Corp., v. USF&G Co., et al. v. Martineau Bay Resort S. en C., S.E.</u>, Case No. KICD2004-1588 (908);

<u>Commissioner of Insurance of Puerto Rico v. United States Fidelity and Guaranty Company</u>, Case No.: l-2004-69;

<u>PRISMA Air Conditioning and Electrical Services Inc. v. Isla Nena Paving Corporation</u>, NSCI 2001-00866(302);

<u>Isla Nena v. Martinueau Bay Resort</u>, NCSI 2001-0807;

<u>Cantera Aeropuerto v. Martinueu Bay Resort</u>, CD 2001-119.

By the date of that motion, USF&G's losses and expenses had allegedly incremented to $139,779.13.

Defendants moved to stay consideration of the summary judgment request until further discovery was conducted.  Upon the conclusion of discovery, defendants opposed plaintiff's motion and cross-moved the Court for summary judgment in their favor (docket No. 50). Defendants' motion  espoused most of the arguments raised in their earlier motion to dismiss, denied by the Court, with the addition of sworn statements from Cacho-Pérez and Cambó-Saavedra stating that they had not received notice of plaintiff's tender and indemnity letters notifying that USF&G would be pursuing indemnity.

Plaintiff opposed defendants' cross motion and also supplemented its summary judgment request with copies of the invoices supporting plaintiff's payments of attorneys fees (docket No. 55).[3]

## II. FACTS

On April 14, 1998, defendants entered into a Master Surety Agreement ("MSA") with USF&G, a surety company.  The MSA contains a clause where the defendants agreed to hold harmless, indemnify, and keep indemnified USF&G against any claims or demands, losses, and expenses of any kind or nature, in which the latter may incur by reason of having to execute, provide or procure bonds on behalf of New Partnership.  Effective that date, USF&G issued payment and performance bonds for the construction of the Hotel Martineau Bay

---

[3] Defendants' request to strike these pleadings (docket No. 57) was denied.

Resort in Vieques, Puerto Rico.  The Occupancy and Use Permit was issued on November 30, 2001.

On January 10, 2001, USF&G sent a letter to defendant New Partnership advising of a claim against the bond of *Plom Electric Corp.,* and requesting its written position and intentions regarding the claim in fifteen (15) days.  Not receiving a response, on June 28, 2001, USF&G sent another letter, this time to all the defendants, reminding them of their contractual obligations under the MSA to indemnify and keep USF&G harmless against all liabilities, losses, and expenses by reason of having executed bonds on behalf of New Partnership.  A copy of this letter was reissued on August 1, 2001, to all defendants at different addresses, as the June 28th communication had been returned as undeliverable.

On November 13, 2001, USF&G sent a letter to New Partnership, this time advising of a claim against the bond from *Professional Equipment Corporation*.  An affidavit of said claim was sent to New Partnership on January 22, 2002, with a reminder letter on March 6, 2002.  Not receiving a response to any of these letters, USF&G sent a letter reminding New Partnership of its contractual obligations under the MSA to indemnify and keep USF&G harmless against all liabilities, losses, and expenses by reason of having executed bonds on behalf of New Partnership.  This letter was responded by defendant Cacho-Pérez in a letterhead with the same address to which all previous communications to New Partnership had been sent.  Additional

letters requesting backup information on this claim were sent by USF&G on July 11, 2002, August 13, 2002, and October 14, 2002.

On August 15, 2002, USF&G sent by facsimile and certified mail two letters to defendant New Partnership enclosing the summons received on July 25, 2002, in the *Isla Nena Paving Corp. v. Martineau Bay et al.* and *Cantera Aeropuerto, Inc. v. Martineau Bay* matters, and tendering the defense of USF&G so that it would be at the sole cost of defendant New Partnership. A similar letter was sent by USF&G on September 10, 2002, notifying the *Prisma Air Conditioning and Electric Services, Inc.*, matter (for which service was made on August 12, 2002), and again attempting to tender the defense.

The *Ezequiel Vazquez Santiago v. Isla Nena Paving Corp.* matter was referred to USF&G on February 10, 2005, however, no letter informing the same appears to have been sent to defendants.

### III. ANALYSIS

USF&G moved for summary judgment in its favor under Rule 56(a), Fed. R. Civ. P. 56(a), arguing that pursuant to the clear terms of the MSA, defendants are obligated to indemnify and hold USF&G harmless from and against all demands, claims, liabilities, losses, expenses, costs, damages, attorneys' fees that it may incur as a result of having procured the bonds or due to defendants' failure to perform and comply with the provisions of the MSA. USF&G claims that it has incurred losses and expenses in investigating and litigating defendants' alleged default, defending actions in connection with the

bonds, and by having to file this complaint as a result of the defendants' failure to comply with the provisions of the MSA. Plaintiff claims that it is also entitled to relief under §§ 4911 and 4916 of the P.R. Civil Code, 31 P.R. Laws Ann. §§ 4911 and 4916(1).

Defendants opposed plaintiff's request, arguing that there are issues of fact relating to compliance with the bond and the construction contract that impede summary judgment. In essence, they submit that the complaint is time-barred, that not all defendants were notified that plaintiff would be seeking indemnity for these losses and expenses related in the complaint, and that those losses and expenses relate mostly to attorney fees and costs, not payments made under the bonds. Lastly, defendants argue that the Court lacks jurisdiction because the case does not meet the jurisdictional amount.

The MSA provides in Section III(A) that defendants…

> …shall exonerate, hold harmless, indemnify and keep indemnified, SURETY from and against any and all demands, claims, liabilities, losses and expenses of whatsoever kind or nature (including, but not limited to, interest, court costs and counsel fees) imposed upon, sustained, or incurred by SURETY by reason of: (1) SURETY having executed, provided or procured BOND(S) in behalf of PRINCIPAL, or (2) UNDERSIGNED'S failure to perform or comply with any of the provisions of this AGREEMENT.

(See docket No. 1, Ex. 1.)

Section IV(C) of the MSA further states that,

> …the voucher(s) or other evidence of such payment(s) or an itemized statement of payment(s) sworn to by an officer of SURETY shall be prima facie evidence of the fact and extent of the liability of UNDERSIGNED to SURETY.

**CIVIL NO. 06-2201 (RLA)** **Page 7**

Defendants do not dispute that they executed the MSA, nor their duty to indemnify and keep harmless USF&G. Therefore, the Court finds that the terms of the MSA are clear and unambiguous and warrant enforcement.

Summary judgment shall be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." USF&G v. Díaz Matos, Opinion of March 21, 2007, 2007 WL 878571 *2 (D.P.R. 2007), *quoting* Fed. R. Civ. P. 56(c), and Sands v. Ridefilm Corp., 212 F.3d 657, 660 (1st Cir. 2000).

To succeed, the moving party must demonstrate the absence of a genuine issue as to any outcome-determinative fact in the record through "definite and competent evidence." Id., Sands 212 F.3d at 660, *quoting* DeNovellis v. Shalala, 124 F.3d 298, 306 (1st Cir. 1997), and Maldonado-Denis v. Castillo Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994).

The mere existence of "some alleged factual dispute between the parties will not affect an otherwise properly supported motion for summary judgment." Id., *quoting* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

This Court has found summary judgment appropriate to enforce the provisions of an indemnity agreement like the one at bar. *See*, *e.g.*,

**CIVIL NO. 06-2201 (RLA)**                                                      **Page 8**

Díaz Matos, 2007 WL 878571 at p. *3 ("After reviewing the arguments of the parties, the Court finds that USF&G is entitled to partial summary judgment on the issue of … defendants' liability pursuant to the MSA… [A]s plaintiff posits, the question is clearly amenable for resolution as a matter of law at this stage.")

Furthermore, this conclusion is amply supported by Puerto Rico law. Diaz Matos at 3, *quoting* 31 P.R. Laws Ann §§ 4911-4916; Segovia Dev. Corp. v. Constructora Maza, Inc., 628 F.2d 724 (1st Cir.1980); and Professional Underwriters Ins. Co. v. Distribuidora Automotriz, 121 D.P.R. 536 (1988). *See also* Constructora Andrade Gutierrez, S.A., v. American International Insurance Company of Puerto Rico, 467 F.3d 38, 45 (1st Cir. 2006); and Autoridad de Acueductos y Alcantarillados de Puerto Rico v. Builders Insurance Co., 115 D.P.R. 57 (1984) (recognizing surety's right to seek recovery and indemnity from indemnitors).

Article 1044 of the Puerto Rico Civil Code, 31 P.R. Stat. Ann. §2994, prescribes that "obligations arising from contracts have legal force between the contracting parties, and must be fulfilled in accordance with their stipulations." López Torres v. González Vázquez, 2004 T.S.P.R. 172, Op. of November 12, 2004.

Contracts shall be binding, whatever may be the form in which they have been executed, provided the essential conditions required for their validity exist." P.R. Stat. Ann. T. 31 § 3451. Parties may agree to any terms and conditions so long as they are not

**CIVIL NO. 06-2201 (RLA)**                                                                 **Page 9**

contrary to the law, moral, or public order. Luan Investment v. Rexach Construction, 152 D.P.R. 652 (2000), *citing* Art. 1207 PRCC, 31 L.P.R.A. §3372.

"If the terms of a contract are clear and leave no doubt as to the intentions of the contracting parties, the literal sense of its stipulations shall be observed." P.R. Stat. Ann. T. 31 § 3471. When terms are clear, courts are not free to relieve a party from its obligations under an agreement of indemnity. Olazábal v. United States Fidelity & Guaranty, 103 D.P.R. 448 (1975); and Mercado v. Universidad Católica de PR, 143 D.P.R. 610 (1997).

Indeed, the Puerto Rico Civil Code specifically recognizes that a surety may proceed against its indemnitors for indemnification. *See, e.g.,* Art. 1737, P.R. Stat. Ann. T. 31 § 4911; and Art. 1742, P.R. Stat. Ann. T. 31 §4916. *See also* Acosta & Rodas, Inc. v. Puerto Rican-American Ins. Co., 112 D.P.R. 583 (1982); and Segovia, 628 F.2d at 727.

Section 4911 of the Puerto Rico Civil Code law states:

> A surety who pays for a debtor shall be indemnified by the latter.
> The indemnity consists of:
> (1) The total amount of the debt.
> (2) Legal interest on the same from the day on which the payment may have been communicated to the debtor, even when it did not produce interest for the creditor.
> (3) The expenses incurred by the surety after the latter has informed the debtor that he has been sued for payment.
> (4) Losses and damages, when proper.
> The provisions of this section shall be valid, even should the security have been given without knowledge of the debtor.

**CIVIL NO. 06-2201 (RLA)**                                                      **Page 10**

P.R. Stat. Ann. 31 § 4911.

Moreover, the Court finds that USF&G's claims are not time-barred. Section 4916 of the Civil Code states:

> The surety, even before paying, may proceed against the principal debtor:
> (1) When he is sued for the payment.
> (2) In case of bankruptcy or insolvency.
> (3) When the debtor has bound himself to relieve him from the security within a specified term, and this term has expired.
> (4) When the debt has become demandable because the term in which it should have been paid has expired.
> (5) At the end of ten (10) years, when the principal obligation has not a fixed term for its expiration, unless it be of such a nature that it cannot be extinguished except in a period greater than ten (10) years.

PR ST T. 31 § 4916.

Lastly, the Court is not persuaded by defendants' claims that the indemnitors other than New Partnership are not liable to USF&G because only New Partnership was noticed of the claims against the bonds. Pursuant to the MSA, defendants are jointly and severally liable to USF&G. Although the MSA does not impose upon USF&G a duty to provide notice prior to seeking indemnity, under Article 1094 of the Puerto Rico Civil Code, PR ST T. 31 § 3105, actions held against a joint debtor prejudice all joint debtors. Therefore, the numerous communications sent to New Partnership, of which Mr. Cacho-Pérez acknowledged in writing receiving at least one, tolled any applicable limitations period.

**CIVIL NO. 06-2201 (RLA)**                                                                                         **Page 11**

<u>IV. CONCLUSION</u>

For the above reasons, the Court holds that USF&G has a right to be indemnified by defendants for the amounts claimed in the complaint. Accordingly, Plaintiff USF&G's Motion for Summary Judgment (**docket No. 38**) is **GRANTED,** and Defendant's Opposition and Cross-Motion for Summary Judgment (**docket No. 50**) is **DENIED.** Plaintiff is ORDERED to file with the Court **on or before August 31, 2009,** an updated statement of losses and expenses, sworn under penalty of perjury by a duly appointed officer of the Surety, indicating (1) the amounts incurred by reason of having executed bonds on behalf of New Partnership; (2) the legal interests computed from the time payments for such expenses were made; and (3) the attorney's fees expended in relation to this action.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 7th day of August, 2009.

                                              S/Raymond L. Acosta
                                              RAYMOND L. ACOSTA
                                       United States District Judge